UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Charles Edward Stubbs, ) | Civil Action No.: 4:15-cv-02951-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nancy Berryhill, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. | |

Plaintiff Charles Edward Stubbs ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). The matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge recommends the Court affirm the Commissioner's decision. [ECF #20].

**Factual Findings and Procedural History**

The facts, including the medical timeline and evidence contained within the record, are adequately set forth by the Magistrate Judge in the Report and Recommendation. [ECF #20, pp. 1-6]. Briefly stated, Plaintiff was a fifty-six year old male on the alleged onset date, December 10, 2010. [ECF #20, p. 2]. Plaintiff alleges that he suffers from injuries including an injured foot (incurred in a motor vehicle accident in December 2010), and pain in his pelvis, back, and hand. [ECF #9-2, p. 19]. Additionally, records indicate he suffers from arthritis, diabetes mellitus, and hypertension. [ECF #9-2, p. 19]. He alleges a disability onset date of December 18, 2010. [ECF #]. On January 5, 2011, Dr.

Boyer, Plaintiff's physician, notes that Plaintiff underwent an open reduction and internal fixation on his left calcaneal fracture. [ECF #14, p. 2]. Plaintiff healed from surgery over the next several months and was able to progressively bear weight on that foot. [ECF #14, p. 3]. In April 2011, X-rays showed that the fracture had indeed healed. [ECF #14, p. 3]. Four months later, on August 9, 2011, Plaintiff followed up with Dr. Boyer, whose records indicate Plaintiff was minimally swollen and walked with an antalgic gait. [ECF #114, p. 3]. Plaintiff applied for disability benefits on August 15, 2011. [ECF #14, p. 1]. According to the records, Plaintiff did not receive treatment for approximately seven months after the August 2011 visit. On March 19, 2012, he returned to Dr. Boyer, whose records note a moderately swollen foot, subtalar motion being "a little limited," and an antalgic gait. [ECF #14, p. 3].

Thereafter, on June 22, 2012, Plaintiff was evaluated by state agency physician Dr. A.W. Hulsey. Dr. Hulsey's notes indicate that Plaintiff reported his heel hurt all the time and would swell, that he had diabetes, chronic back pain, pain in his thumb, and pain in his hip. [ECF #14, pp. 3-4]. X-ray examinations show mild degenerative changes in Plaintiff's spine and hip, and there was flexion deformity of the left thumb, and significant thenar wasting in the right. [ECF #14, p. 4]. On August 7, 2012, another state agency physician opined that Plaintiff could perform light exertional work with limitations. [ECF #9-2, pp. 14-20]. On October 16, 2012, another state agency examiner noted that Plaintiff was reasonably capable of standing and walking for six hours a day. [ECF #14, p. 4].

The Social Security Administration denied Plaintiff's application initially and on reconsideration, so Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). [ECF #9-2, p. 16]. The ALJ held a hearing on September 18, 2013. [ECF #9-2, p. 16]. At the hearing, Plaintiff apparently testified that in addition to his foot injury, he suffered hip and pelvis pain from a prior accident and those injuries had turned into arthritis, and that he lacked full use of his right thumb. [ECF #9-2, pp. 29-31].

He also testified that his doctors told him the numbness in his foot may be related to diabetes. [ECF#9-2, p. 32]. Plaintiff testified that he is on medications to control his diabetes, and he is supposed to follow a diet, but he has not lost very much weight. [ECF #9-2, p. 34]. Plaintiff testified that on a daily basis, he would try to make the bed, watch television, and walk around his backyard. [ECF #9-2, p. 38]. The medical notes are sparse as to any treatment or opinion on these allegations of pain. A vocational expert also testified at the hearing that Plaintiff could perform light work, however it was also noted that a limitation to sedentary work would not allow for any of Plaintiff's past work. [ECF #9-2, pp. 45-46].

The ALJ denied Plaintiff's claim on December 13, 2013, finding that Plaintiff was not under a disability as defined in the Social Security Act, as amended. [ECF #9-2, p. 22]. In the decision, The ALJ determined that, although Plaintiff suffers from "severe" impairments of calcaneus fracture status post open reduction internal fixation, diabetes mellitus, arthritis in his handsd, obesity, and degenerative joint disease of the hip, he still retained the residual functional capacity to perform light work, with additional limitations [ECF #9-2, pp. 18-19]. The ALJ's findings were as follows:

> (1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2013.
>
> (2) The claimant has not engaged in substantial gainful activity since December 18, 2010, the alleged onset date. (20 C.F.R. 404.1571 *et seq.*).
>
> (3) The claimant has the following severe impairments: calcaneus fracture status post open reduction internal fixation, diabetes mellitus, arthritis of the hands, obesity, and degenerative joint disease of hip (20 C.F.R. 404.1520(c).
>
> (4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526).

> (5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) with the following additional limitations: must not climb ladders, ropes, or scaffolds; may occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; may occasionally use foot controls with his lower left extremity; and may frequently handle with his right upper extremity.
>
> (6) The claimant is capable of performing past relevant work as a laboratory technician. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565).
>
> (7) The claimant has not been under a disability, as defined in the Social Security Act, from December 18, 2010, through the date of this decision (20 C.F.R. 404.1520(f)).

[ECF #9-2, pp. 18-22].

Plaintiff requested a review of the ALJ's decision. The Appeals Council denied Plaintiff's request to review the ALJ's decision, making the decision of the ALJ the final decision of the Commissioner. [ECF #9-2, p. 8]. On July 27, 2015, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. [ECF #1]. Both Plaintiff and Defendant filed briefs [ECF #14; ECF #16; ECF #17], and the Magistrate Judge issued his Report and Recommendation on January 10, 2017, recommending that the Commissioner's decision be affirmed. [ECF #20, p. 19]. The Magistrate Judge recommends affirming the Commissioner's decision because the record contains substantial evidence to support the decision that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. [ECF #20, p.19]. Plaintiff filed objections on January 18, 2017. [ECF #22]. Defendant replied to these objections on January 23, 2017. [ECF # 25].

4

**Standard of Review**

I.   **Judicial Review of the Commissioner's Findings**

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

II.  **The Court's Review of the Magistrate Judge's Report and Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination

5

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the Report and Recommendation ("R & R") to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

Here, after reviewing the record, including the briefs filed by the parties, the Magistrate Judge recommends affirming the decision of the Commissioner. Plaintiff raises the following objections, the same arguments he previously raised in his briefs, to the recommendation by the R&R: (1) the ALJ failed to consider the combination of his impairments together; and (2) the ALJ made improper credibility determinations; and (3) the ALJ's RFC determination is in error. These are the same issues that were previously raised by the Plaintiff in her initial brief to this Court. This Court will analyze both objections in turn.

## **Analysis**

### **I. Combination of Impairments**

The ALJ found that Plaintiff had the following severe impairments: calcaneus fracture status

post open reduction internal fixation, diabetes mellitus, arthritis of the hands, obesity, and degenerative joint disease of the hip. [ECF #9-2, p. 18]. The ALJ further found that the combination of impairments would not meet a listing. [ECF #9-2, p. 18]. The Fourth Circuit has consistently held that when evaluating the effect of various impairments upon a disability benefit claimant, the combined effect of a claimant's impairments must be considered. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Disability may result from a number of impairments whose total effect, when taken together, render the claimant unable to engage in substantial gainful activity. *Id.* This, in turn, requires the ALJ to adequately explain or evaluate the combined effects of the impairments, rather than fragmentize them. *Id.* (citing *Reichenbach v. Heckler*, 808 F.2d 309 (4th Cir. 1985). At the same time, the adequacy requirement reiterated in Walker is met "if it is clear from the decision as a whole that the Commissioner considered the combined effect of a claimant's impairments." *Brown v. Astrue*, No 0:10-CV-01584, 2012 WL 3716792, at *6-*7 (D.S.C. Aug. 28, 2012). However, the Plaintiff is tasked with showing that the Commissioner's decision could have a different outcome if he or she had done an adequate combined effect analysis, rather than a "fragmentized" analysis of the multiple impairments. *Brown*, 2012 WL 3716792, at *6 (citing *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994); *Morgan v. Barnhart*, 142 F. App'x 716, 724 (4th Cir. 2005).

The Magistrate Judge found the ALJ's review of the impairments proper. First, the Magistrate Judge explained that the fairly sparse treatment notes in the record do not provide a basis upon which the ALJ could conduct a more thorough discussion. [ECF #20, p. 14]. In fact, the majority of the records discuss Plaintiff's surgery and recovery related to his foot/heel injury. The Magistrate Judge also considered the fact that the RFC contemplates the other impairments in that it accommodates hip and thumb limitations by limiting Plaintiff to light work with additional limitations, such as never

climbing ladders, occasional balancing, stooping, and kneeling, and a limit on the use of his right upper extremity. In his objections, Plaintiff argues that the ALJ's analysis of the combined impairments within a single sentence did not adequately cover the scope and appropriate explanation of his findings under *Walker*. Plaintiff thus argues that a remand is appropriate because the ALJ conducted a fragmented examinations of Plaintiff's impairments, specifically his impaired hip, heel, and hand. [ECF #22, p. 3].

This Court finds that in light of the sparse record before the ALJ, the ALJ conducted an adequate analysis of Plaintiff's impairments. Here, the ALJ discussed the few appointment notes in the record from Lexington Orthopaedics, all of which indicate Plaintiff was improving or doing clinically well, and all of which focus on the impairment to his heel. [ECF #9-7, Exhibit 3F]. As the ALJ indicates, the few records that provide any basis for an analysis of the other alleged impairments do not indicate that these impairments, in any combination, would render Plaintiff restricted to sedentary activities. In fact, in the March 2012 record from Lexington Orthopaedics, Dr. Boyer notes that while Plaintiff has complaints of his heel, hand, and pelvis, the calcaneus appears to be doing okay. Dr. Hursey's examination echoes these same findings: namely that Plaintiff was doing well and that he had a satisfactory examination. The records from Carolina Occupational Healthcare show that Dr. Hursey noted decreased range of motion in his right hand, but he also indicated that Plaintiff was using a crutch but it "seems to be overkill." In the October 2012 medical evaluation, the notes indicate that Plaintiff was doing well and notes the chronic back pain, a "fractured" right hip, and equilibrium issues. In those same notes, the doctor notes that his "stand and walk looks reasonable as is light rfc." [ECF #9-7, Exhibit 7F]. Otherwise, the ALJ did not have additional records or support to consider with respect to making a more in-depth cumulative analysis. In fact, the ALJ discusses Plaintiff's treatment for

hypertension, arthritis, and diabetes mellitus, but he notes that there is no indication that these are disabling. The ALJ also considered the fact that Dr. Hursey noted that Plaintiff's knees, back, neck, shoulders, elbows and wrists, had full range of motion, though he did have deformity in his left thumb and right thumb. Thus, contrary to Plaintiff's assertions, a review of the decision reflects the fact that the ALJ adequately considered the combined effect of the impairments at issue, and in fact, limited the RFC with those impairments in mind. *See Brown*, 2012 WL 3716792, at *7 (noting that key to the combined effect analysis is the determination of the residual functional capacity, which turns on the findings regarding the severity of each impairment). Particularly in light of the fact that the ALJ had very few treatment records upon which to base a decision, this Court finds that the ALJ considered the combined effect of Plaintiff's impairments and that his determination was supported by substantial evidence, and this Court overrules Plaintiff's objection.

### II. Credibility

Plaintiff's next objection is that the ALJ's credibility determination of Plaintiff is not supported by substantial evidence. A credibility determination involves a two-step process: (1) evaluating subjective complaints of pain by reviewing the objective medical evidence to determine whether there is an underlying impairment that would reasonably be expected to cause the severity and persistence of the alleged pain; and (2) in consideration of the entire record, assess the credibility of the severity of the subjective complaints. *Craig v. Chater*, 76 F.3d 585, 591-96 (4th Cir. 1996). The ALJ should consider the following when evaluating the intensity and persistence of a claimant's pain: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate the pain; (5) treatment, other than

medication, the claimant receives or has received for relief of the pain; (6) any measures the claimant uses or has used to relieve the pain; and (7) any other factors concerning functional limitations and restrictions due to pain. 20 C.F.R. § 404.1529(c)(3).

The Magistrate Judge determined that the ALJ's decision was supported by substantial evidence. Specifically, the Magistrate Judge reviewed the four enumerated reasons why the ALJ found Plaintiff less than credible: (1) the objective medical records do not establish conditions that produce disabling limitations; (2) no treating doctor or psychiatrist advised that the claimant experiences disabling physical limitations; (3) there are large gaps in the clamant's treatment, which is not consistent with disabling pain; and (4) evidence of non-compliance with treatment. [ECF #9-2, p. 21]. Plaintiff argues that the record does not support these reasons as evidence because Plaintiff's ailments were "severe" and because they focus on Plaintiff's inability to obtain and afford treatment. This Court finds this objection unpersuasive. First, the ALJ noted that despite Plaintiff's allegations that he was noncompliant with medication because he could not afford it, Plaintiff did not attempt to obtain samples or find aid in a pharmacy program in order to receive medication. [ECF #9-2, p. 20]. To the contrary, the ALJ specifically noted that it was not simply a gap in treatment, which Plaintiff alleges was due to lack of finances, that led the ALJ to find Plaintiff less than credible. Instead, the ALJ pointed to the fact that the medical records show that Plaintiff's swelling in his foot continued to decrease, and his ability to walk on that foot became easier. [ECF #9-2, p. 20]. Plaintiff told a doctor that his pain had not gotten "better or worse" which is inconsistent with debilitating pain. [ECF #9-2, p. 20]. At the hearing, held on September 18, 2013, when the ALJ asked Plaintiff if he had been seeing a doctor in the past year, the attorney for Plaintiff explained that he had been going to a free clinic after he lost coverage. [ECF #9-2, p. 27]. However, this would not adequately explain the gap in treatment from August 2011 until

March 2012, presumably the point at which he began to receive treatment at the free clinic. The ALJ also noted that even after March of 2012, there are very few treating notes, although he was treated for hypertension, arthritis, and diabetes mellitus. [ECF #9-2, p. 20]. Further, Plaintiff reported that he was not taking certain medications that had prescribed to him, and he explained that he had not lost any considerable amount of weight when asked whether he was doing well with his diet. [ECF #9-2, p. 34]. Included within the decision, the ALJ points out that Dr. Hursey's notes indicate that while Plaintiff had a crutch, he was not putting any pressure on the crutch. In fact, as previously mentioned, Dr. Hursey notes indicate fairly normal findings with respect to Plaintiff's range of motion. Finally, the fact that the few medical notes in the record simply do not reveal or support any instances where the physician's findings support Plaintiff's complaints of debilitating pain. In fact, Dr. Boyer notes in one record that "at some point, we will need to be talking about work" and "if he needs anything in regards to a work note, let me know." [ECF #9-7, Exhibit 3F, pp. 3-4]. After reviewing the medical records as a whole, coupled with the relevant case law, this Court finds that substantial evidence exists in the record to sustain the ALJ's credibility finding as to Plaintiff. Thus, this Court overrules Plaintiff's objection.

### III. RFC

Finally, Plaintiff objects to the RFC finding as inaccurate, explaining that had the ALJ appropriately considered Plaintiff's inability to get treatment, the RFC would have reflected more severe limitations. In other words, Plaintiff argues that had the ALJ found him entirely credible, the RFC should then reflect his ability to work only at the sedentary level, and thus he would be found disabled by Social Security standards. Plaintiff also alleges that the ALJ's only potential justification for the RFC was the recommendation of an examining state agency chart reviewer who disagreed with a treating physician and substituted his own opinion. Accordingly, Plaintiff argues this basis for the RFC requires

a remand. This Court does not agree with Plaintiff's explanation of the ALJ's findings as to his reasons for the given RFC.

As discussed previously, the ALJ set forth several reasons for not finding Plaintiff entirely credible, including the fact that the treatment records do not reflect the alleged debilitating pain. Along with that credibility determination, the ALJ also noted that he had a lack of treatment notes upon which to rely in order to make an analysis or decision. The ALJ also specifically considered the fact that Dr. Hursey, who examined the Plaintiff, concluded that Plaintiff performed full range of motion in his knees, back, neck, shoulders, elbows, and wrists, among other findings; and further, he commented upon the fact that Plaintiff was walking around with a crutch, despite not putting any pressure on it. Moreover, Dr. Hursey's notes indicate that Plaintiff did "satisfactory to complete the total squat, stands erect" and his heel-to-toe and tandem walk are normal. His notes further indicate that he moved around without any difficulty in his back. Dr. Hursey's opinion provided support to bolster the state agency's doctors' opinions that Plaintiff could perform light work. Dr. Boyer's notes indicate that Plaintiff was healing progressively well. Finally, the ALJ provided additional limitations within the RFC to account for the other limiting conditions Plaintiff reported as suffering from while testifying at the hearing. Accordingly, this Court finds that the ALJ's RFC determination is supported by substantial evidence, and Plaintiff's objection is overruled.

**Conclusion**

The Court has thoroughly reviewed the entire record as a whole, including the administrative transcript, the briefs, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, Defendant's response to Plaintiff's objections, and the applicable law. For the foregoing reasons, the Court adopts the recommendation of the Magistrate Judge. [ECF #20]. The decision of the Commissioner is

affirmed.

**IT IS SO ORDERED.**

Florence, South Carolina  
March 13, 2017

<u>s/ R. Bryan Harwell</u>  
R. Bryan Harwell  
United States District Judge